UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. CRAWLEY,  )  |  |
|    Plaintiff,  )  |  |
| )  |  |
| vs.  )  | Case No. 20-2282 |
| )  |  |
| PAT HARTSHORN, et.al.,  )  |  |
|    Defendants.  )  |  |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Vermillion County Sheriff Pat Hartshorn, Nurse Shelly, Nurse Marci, and Sergeant Ward violated his constitutional rights. Plaintiff does not provide an exact time frame for his claims, but his allegations span from at least June of 2019 to October of 2020.

Plaintiff says when he entered the jail, Defendant Nurses Shelly and Marci were given all his medications for a variety of conditions along with the required dosages. Nonetheless, Plaintiff consistently had problems receiving needed, prescribed medications.

1

For instance, Plaintiff had a spinal cord stimulator implanted in his spine in 2009 to help control pain. Plaintiff says was also prescribed 10 milligrams (mg) of Ambien to help him sleep due to the stimulator and he is not able to sleep without the medication. Plaintiff was told the facility doctor canceled the prescription without ever meeting with Plaintiff. Plaintiff then describes a "roller coaster" with Defendant Nurses Marci and Shelly who would deny the sleep aid until he became "manic from lack of sleep and came crying and begging for my sleep aid return." (Comp, p. 6). Then the nurses would allow the medication for a few days before denying it again. Finally, in August of 2019, Defendant Nurse Shelly said the medication had run out and it would not be re-ordered.

Plaintiff also suffers from type two diabetes and was taking Invokana and Victoza to control his blood sugar, Lyrica for neuropathy pain, and Dexilant to control acid reflux. Plaintiff used a patient assistance program to obtain the medications due to his low income.

When the Defendant Nurses ordered Invokana in September of 2019, he was billed $90.99 for one month. Plaintiff informed the Defendants he could not pay this amount every month, so they switched him to another medication for three months. Plaintiff was billed $142 for this medication and again told the Defendant Nurses he could not afford the continued cost. The medication was discontinued, but no replacement was ordered.

Plaintiff says his blood sugar levels are now very high causing his neuropathy to progress. When he entered the jail he had neuropathy in the soles of his feet, but it has now progressed to both feet and hands. In addition, Plaintiff says his eyesight is deteriorating. Nonetheless, Plaintiff has never been allowed to see a doctor since his arrest. In addition, Plaintiff says he has not had a diabetic sugar level check which he was previously receiving every three months.

The Defendant Nurses also canceled Plaintiff's prescription for Dexilant due to costs. Plaintiff says he now has nightly bouts of acid reflux and sometimes vomits, but the Defendant Nurses have refused to provide a replacement medication.

Plaintiff also claims the Defendant Nurses do not provide his medications in the proper dosage or at the proper intervals. In addition, the Defendants have allowed his medications to expire, and then Plaintiff goes without until they are refilled.[1]

Plaintiff says due to the denial of his medications, he suffered two panic attacks. In December of 2019, Plaintiff had either a panic attack or a reaction to fluctuations in medication dosage. (Comp., p. 10). Plaintiff could not move or talk and laid in his bed shaking uncontrollably. Inmates alerted staff and Defendant Ward responded. The

---

[1] In the "injuries" section of his complaint, Plaintiff further states he was diagnosed with shingles in May of 2020. (Comp., p. 11). Plaintiff admits he received medication and it is not clear Plaintiff intended to state a separate allegation based on the care received. Instead, Plaintiff appears to claim the problem with his medications increased his stress levels which increased his changes of contracting shingles. *See also* (Comp., p. 4, II, D, list of claims)

Defendant said since Plaintiff was not talking, there was nothing she could do for him. Defendant Ward closed the cell door and left without contacting medical staff. Plaintiff says the attack lasted for an hour.

Plaintiff has adequately alleged Defendant Nurses Shelly and Marci violated his constitutional rights based on a refusal to provide needed medications, refusal to refer Plaintiff to a doctor, and refusal to provide the proper dosage for his medications. The Court will also add Defendant Dr. Jane or John Doe since Plaintiff says the doctor canceled his Ambien prescription, and it is likely the doctor had final say on any prescription provided or withheld.

Plaintiff has also alleged Defendant Sergeant Ward violated his constitutional rights when she refused to provide care or alert medical staff to Plaintiff's condition in December of 2019.

Plaintiff will need to clarify whether he was a pretrial detainee or a convicted prisoner during the time frame of his allegations before the Court can determine if his claims are pursuant to the Fourteenth Amendment or Eighth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018); *Farmer v Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff does not mention Sheriff Hartshorn in the body of his complaint. Instead, Plaintiff says he is suing the Sheriff because he "is in charge of the jail…and its staff." (Comp., p. 4). However, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v.*

*DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)(supervisors are not liable for the errors of their subordinates). Therefore, the Court will dismiss Defendant Hartshorn.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges his constitutional rights were violated when at the Vermillion County Jail when: a) Defendant Nurses Shelly and Marci refused to provide needed medications, refused to refer Plaintiff to a doctor, and refused to provide the proper dosage for his medications from approximately June of 2019 to October of 2020; b) Defendant Dr. Doe refused Plaintiff's needed prescription medications from approximately June of 2019 to October of 2020; and c) Defendant Sergeant Ward refused to provide care or alert medical staff to Plaintiff's condition in December of 2019. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will

file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Add Defendant Dr. Jane or John Doe; 2) Dismiss Defendant Sheriff Pat Harshorn; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 9th day of December, 2020.

                    s/ James E. Shadid

                  _____

                        JAMES E. SHADID
                  UNITED STATES DISTRICT JUDGE