UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. CRAWLEY, <br>   Plaintiff, <br><br> vs. <br><br> PAT HARTSHORN, et.al., <br>   Defendants. | Case No. 20-2282 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to amend his complaint. [16].

I. BACKGROUND

On December 9, 2020, the Court reviewed Plaintiff's original complaint and found Plaintiff alleged his constitutional rights were violated when at the Vermillion County Jail when: a) Defendant Nurses Shelly and Marci refused to provide needed medications, refused to refer Plaintiff to a doctor, and refused to provide the proper dosages of his medications from approximately June of 2019 to October of 2020; b) Defendant Dr. Doe refused Plaintiff's needed prescription medications from approximately June of 2019 to October of 2020; and c) Defendant Sergeant Ward refused to provide care or alert medical staff to Plaintiff's condition in December of 2019. The claims were stated against the Defendants in their individual capacities only.

1

In addition, the Court dismissed Defendant Sheriff Pat Harshorn for failure to state a claim upon which relief could be granted. *See* December 9, 2020 Merit Review Order.

## II. MOTION FOR LEAVE TO AMEND

Plaintiff's motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [16].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says he is filing an amended complaint to dismiss Defendant Sheriff Hartshorn, but this is unnecessary since the Sheriff has already been dismissed. *See* December 9, 2020 Merit Review Order. However, Plaintiff's amended complaint also includes four additions including: 1) replacing Defendant John Doe with Defendant Dr. Janzor; 2) adjusting the time frames for some allegations to June 2019 to the present; 3) clarifying Plaintiff was a pre-trial detainee at the time of his allegations; and 4) adding a claim involving lack of care for shingles.

Plaintiff's amended complaint again alleges Nurses Shelly and Marci refused to provide a sleep aid which was prescribed due to a "a spinal cord stimulator" implanted in his spine for pain relief. (Amd. Comp. p. 5). In addition, medications to control blood

2

sugar due to his diabetes and to control acid reflux were ultimately discontinued due to costs. The nurses further failed to ensure Plaintiff consistently received medications and Plaintiff claims he often went without his prescriptions over weekends. Finally, the nurses did not refer Plaintiff to the doctor.

The Court will dismiss Defendant Dr. John Doe and add Defendant Dr. Janzor. Plaintiff claims the Doctor was ultimately responsible for canceling Plaintiff's prescriptions without ever meeting or examining Plaintiff.

Plaintiff has again alleged Defendant Ward refused to provide care or alert medical staff concerning Plaintiff's medical condition in December of 2019. (Amd. Comp., p. 4). Plaintiff previously claimed he either suffered a panic attack or had a reaction to fluctuations in medication dosage. (Comp., p. 10).

> Plaintiff could not move or talk and laid in his bed shaking uncontrollably. Inmates alerted staff and Defendant Ward responded. The Defendant said since Plaintiff was not talking, there was nothing she could do for him. Defendant Ward closed the cell door and left without contacting medical staff. Plaintiff says the attack lasted for an hour. December 9, 2020 Merit Review Order, p. 3-4.

Finally, Plaintiff is attempting to add a claim based on the care he received for shingles. Plaintiff says in May of 2020, he went to the Healthcare Unit and met with "Nurse Practioner Steve," Defendant Nurse Shelly, and Defendant Nurse Marci. (Amd. Comp, p. 7). Plaintiff was diagnosed with shingles and informed he would need to be quarantined for the safety of other inmates. Plaintiff says he suffered with an extreme migraine and light hurt his eyes. He was first housed in a cell near booking and the

3

"drunk tank." (Amd. Comp., p. 7). The cell had no running water and the individual in the adjacent cell kicked his cell door and yelled consistently.

The next day, Plaintiff was moved to a different cell which had running water, but again Plaintiff's neighbor yelled and kicked the cell door. On the third day, Plaintiff asked Defendant Nurse Shelly if he could move. The Defendant said she would first check whether Plaintiff still needed to be quarantined, but Plaintiff admits he was moved during second shift. Plaintiff also admits he received mediation for shingles during this time. (Amd. Comp, p. 8).

It is doubtful Plaintiff has stated a constitutional violation based on his living conditions over this two-day period. However, even if he had, it is not clear how medical staff would be responsible for his specific cell assignment within the jail. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016)(plaintiffs must "show that the defendants were personally responsible for the deprivation of their rights.").

In addition, when Plaintiff directly informed Defendant Nurse Shelly about the problems with his cell assignment, Plaintiff admits he was moved later the same day. While Plaintiff clearly thinks he should have been moved earlier, he has not articulated a violation of his constitutional rights. Finally, Plaintiff does not allege he was denied medical care for shingles.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges his constitutional rights were violated

when at the Vermillion County Jail when: a) Defendant Nurses Shelly and Marci refused to provide needed medications, refused to refer Plaintiff to a doctor, and refused to provide a consistent dosage for his medications; b) Defendant Dr. Janzor refused Plaintiff's needed prescription medications; and c) Defendant Sergeant Ward refused to provide care or alert medical staff to Plaintiff's condition in December of 2019. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Court will attempt service on the new Defendant by mailing a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant Janzer has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

3) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

5) Once counsel has appeared for the new Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

6) Counsel for all Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

8) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend, [16]; 2) Dismiss Defendant Dr. Jane or John Doe; 3) Add Defendant Dr. Janzor;  4) Attempt service on new Defendant, Dr. Janzor; and 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 12th day of May, 2021.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE